THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAN SHEKHAR NAIDU, | CASE NO. C20-1410-JCC |
| Plaintiff, | ORDER |
| v. | |
| CITY OF LYNWOOD, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendants' motion to dismiss (Dkt. No. 24). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

Plaintiff was arrested and criminally prosecuted for violating a no contact order. (Dkt. No. 5 at 2–4.) Plaintiff alleges that his arrest and prosecution were based on false statements and, as a result, violated his civil rights. (*Id.*) Plaintiff filed a *pro se* and *in forma pauperis* (IFP) complaint for civil rights violations pursuant to 42 U.S.C. § 1983, naming as defendants the City of Lynwood, Prosecuting Attorney Chad Krepps, Victim Services Coordinator Tiffany Krusey, and Police Officers Zach Yates and Joshua Magnussen. (*Id.*). Defendants move to dismiss, arguing that the claims against Defendants Krusey, Yates, and Magnussen should be dismissed under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process and the claims against the City of Lynwood and Mr. Krepps should be dismissed under Rule 12(b)(6) for failure

1  to state a claim. (*See generally* Dkt. No. 24.)

2      1.  Rule 12(b)(5)

3      A plaintiff must effectuate service on a defendant within 90 days after the complaint is

4  filed. Fed. R. Civ. P. 4(m); *see Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (an IFP

5  plaintiff who does not request service by the marshal remains responsible for timely service). If a

6  defendant is not served within 90 days after the complaint is filed, the Court, on motion or on its

7  own after notice to the plaintiff, must dismiss the action without prejudice against that defendant

8  or order that service be made within a specified time. Fed. R. Civ. P. 4(m).

9      Here, the Court provided Plaintiff multiple extensions of time to effect service. (*See* Dkt.

10  Nos. 16, 18.) Yet Plaintiff failed to effect service on Defendants Krusey, Yates, and Magnussen

11  within the time provided. (*See* Dkt. Nos. 24, 25, 26, 27.)  Plaintiff argues that he did, in fact,

12  serve these defendants through his service on the City of Lynwood. (*See* Dkt. No. 28 at 1.) But

13  effective service generally requires: (a) personal delivery, (b) delivery to a defendant's usual

14  place of abode with someone of a suitable age or discretion who resides there, or (c) delivery to

15  an agent authorized to receive service. *See* Fed. R. Civ. P. 4(e). It is undisputed that none of

16  those occurred here. (*See* Dkt. Nos. 24, 28.) Accordingly, Defendant's motion to dismiss the

17  claims against Defendants Krusey, Yates, and Magnussen for failure to prosecute pursuant to

18  Federal Rule of Civil Procedure 12(b)(5) is GRANTED.

19      2.  Rule 12(b)(6)

20      "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim

21  to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

22  *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the

23  plaintiff pleads factual content that allows the court to draw the reasonable inference that the

24  defendant is liable for the misconduct alleged." *Id*. "A pleading that offers 'labels and

25  conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

26  (quoting *Twombly*, 550 U.S. at 555). "Dismissal can [also] be based on the lack of a cognizable

legal theory." *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Although the Court reviews *pro se* complaints liberally, they "nonetheless must meet some minimum threshold." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). "[A] liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff alleges that Prosecutor Krepps manipulated information and presented false testimony to secure his conviction. (*See* Dkt. No. 8–9.) Even if these allegations are true, liability is barred by prosecutorial immunity. *See, e.g.*, *Jackson v. Barnes*, 749 F.3d 755, 766 (9th Cir. 2014); *Broam v. Bogan*, 320 F.3d 1023, 1029 (9th Cir. 2003). Plaintiff's claims against the City of Lynwood fare no better in that he does not articulate how his civil rights were violated and, if they were violated, what the basis would be for assigning municipal liability. *See Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013) (*Monell* liability requires a showing that a municipality had a deliberate policy, custom, or practice that was the moving force behind the constitutional deprivation). Accordingly, Defendants' motion to dismiss claims against the City of Lynwood and Prosecutor Krepps for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED.

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss (Dkt. No. 24). The claims against the City of Lynwood and Prosecutor Krepps are DISMISSED with prejudice and the claims against Defendants Krusey, Yates, and Magnussen are DISMISSED without prejudice.

DATED this 23rd day of June 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE